UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEFFREY HAM** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 09-4194** |
| **N. BURL CAIN, WARDEN** | * | **SECTION: "S"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

## PROCEDURAL HISTORY

In October, 1992, petitioner, Jeffrey Ham, a prisoner incarcerated in the

Louisiana State Penitentiary, Angola, Louisiana, was convicted by a jury in the Twenty-Fourth Judicial District Court for the Parish of Jefferson of the second degree murder of his girlfriend, Kristina Santana. Petitioner was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.

On February 15, 1995, the Louisiana Fifth Circuit Court of Appeal amended Ham's sentence to allow credit for time served, then affirmed Ham's conviction and amended sentence. *State v. Ham*, 652 So.2d 15 (La. App. 5 Cir. Feb. 15, 1995). Thereafter, petitioner did not apply for rehearing nor did he seek direct review with the Louisiana Supreme Court. Thus, under the provisions of La.C.Cr.P. art. 922, petitioner's conviction and sentence became final 14 days later, on March 2, 1995, when the delay for applying for rehearing expired.[1]

On February 17, 1998, counsel filed on Ham's behalf an application for post-conviction relief with the state district court.[2] Thereafter, as related by Twenty-Fourth Judicial District Court Judge Stephen Windhorst, petitioner's post-conviction application

---

[1]La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
   A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
   B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

[2]A copy of petitioner's application for post conviction relief is contained in the State rec., vol. 11 of 12.

remained pending with the state district court until September 24, 2007, when Judge Windhorst denied relief.[3] In November, 2007, counsel filed on petitioner's behalf a writ application with the Louisiana Fifth Circuit Court of Appeal, seeking relief in connection with the district court's September 24, 2007 adverse decision.[4] On February 25, 2008, the Louisiana Fifth Circuit Court of Appeal denied petitioner's writ application. *State v. Ham*, No. 2007-KH-0898 (La. App. 5 Cir. Feb. 25, 2008) (unpublished decision).[5] On March 13, 2009, the Louisiana Supreme Court similarly denied petitioner post-conviction relief. *State v. Ham*, 5 So.3d 111 (La. 2009).

On June 26, 2009, counsel filed on petitioner's behalf the instant federal habeas corpus application. In its response, the State argues that the instant action is untimely and that petitioner, with respect to two of his claims, has not exhausted his state court remedies. For the reasons set forth below, the court finds this action is time-barred and, therefore, need not reach the exhaustion issue.

## **ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA),

---

[3] A copy of Judge Windhorst's September 24, 2007 Order is contained in the State rec., vol. 11 of 12. A copy is also attached to petitioner's federal habeas application.

[4] A copy of petitioner's writ application to the state appellate court is contained in the State rec., vol. 11 of 12.

[5] A copy of the state appellate court's February 25, 2008 unpublished decision is attached to petitioner's federal habeas application.

a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[6] *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  However, in situations such as this, where a petitioner's conviction and sentence, along with his corresponding expiration of time for seeking review, pre-date the April 24, 1996 AEDPA effective date, a one-year grace period, from April 24, 1996 until April 24, 1997, must be allowed during which a petitioner could timely file a federal post-conviction habeas challenge.  *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998).  Accordingly, petitioner had until April 24, 1997, to timely seek federal habeas corpus relief.

Petitioner did not file the instant action until June 26, 2009, over twelve years after his limitation period expired.  Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[6]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

In the instant matter, petitioner filed no post-conviction or other collateral review proceeding which would have tolled his one-year prescriptive period running from April 24, 1996 to April 24, 1997. While petitioner, on April 7, 1995, filed with the Louisiana Supreme Court an "Exigency Petition for Writ of Mandamus"[7] which remained pending until March 17, 1997, when the state supreme court denied his writ application, *State ex rel. Ham v. State*, 691 So.2d 69 (La. 1997), this pleading did not toll the AEDPA limitation period. In *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002), *cert. denied*, 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003), the United States Fifth Circuit Court of Appeals made clear that a writ of mandamus is not a "properly filed application for State post-conviction or other collateral review" as required under § 2244(d)(2), and, as such, does not toll the AEDPA one-year statute of limitations. Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some

---

[7] In his pro se writ of mandamus, a copy of which is contained in the State rec., vol. 12 of 12, petitioner sought an order from the state supreme court directing the state appellate court to consider a "Pro Se Supplemental Brief" filed in connection with his direct appeal.

extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers no basis for equitably tolling prescription nor has this court's review of the record uncovered any such basis.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[8]

New Orleans, Louisiana, this __18th__ day of _____October_____, 2010.

                                              LOUIS MOORE, JR.
                                              United States Magistrate Judge

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.